NOT FOR PUBLICATION
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Anthony Francis Trufolo, Jr., | Case No. 17-18471 (MBK) |
| Debtor. | |

---------------------------------------------------------X

**APPEARANCES:**

Bunce D. Atkinson, Esq.
Atkinson & DeBartolo
P.O. Box 8415
Red Bank, NJ 07701-8415
*Attorney for Creditor, Veronica G. Ogden*

Carol L. Knowlton, Esq.
Gorski & Knowlton PC
311 White Horse Ave.
Suite A
Hamilton, New Jersey 08610
*Attorney for Debtor, Anthony Francis Trufolo, Jr.*

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.     INTRODUCTION**

This matter comes before the Court on the motion of creditor, Ms. Veronica G. Ogden ("Movant") seeking relief from the automatic stay ("Motion") to pursue an execution sale of nondebtor estate property owned by two adult children and the nondebtor spouse.  The Court has reviewed the parties' submissions, including the post hearing supplemental submissions, and considered the arguments presented during the hearing on October 29, 2017.  For the reasons set forth below, this Court GRANTS Movant's Motion, determining that cause exists to allow the consummation of the execution sale previously authorized under the state court order, dated June 10, 2016.

**II.    JURISDICTION**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  The following constitutes the Court's findings of fact and conclusions of law as required by FED. R. BANKR. P. 7052.[1]

**III.   FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In 2003, prior to filing his bankruptcy petition, Anthony Francis Trufolo, Jr. ("Debtor") acquired sole title to the real property located at 190 Pickney Road, Little Silver, New Jersey (hereafter "the Property").  On April 27, 2011, Movant obtained a state court judgment against Debtor for $50,150.00.  That judgment was amended and entered as a final judgment in the amount of $77,199.51 on May 16, 2011, and was recorded as a lien on May 17 of the same year ("Judgment").[2]  Sadly, Debtor was diagnosed with cancer, and subsequently transferred his interest in the Property for no consideration to his wife and two adult children on May 4, 2012.  Four years later, on June 10, 2016, Movant appeared before the Supreme Court of New Jersey seeking an order to permit and direct the sale of the Property.  In ruling on the motion, the court reasoned that because the Judgment was recorded prior to Debtor's transfer of the Property, the

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.
[2] Docket No. J-144354-11.

2

Judgment remained unaffected by the conveyance of the Property and eligible for execution. Pursuant to the issued order, a Writ of Execution was delivered to the Monmouth County Sheriff and Movant was able to levy upon, and schedule the execution sale of the Property.

Debtor filed a petition under chapter 7 of the United States Bankruptcy Code on April 6, 2017. At that time, did not list any interest in real property in his bankruptcy schedules. However, on May 9, 2017, he filed amended schedules. In relevant part, amended schedule A/B lists the Property and reflects an unknown value both for the value of the whole and for the value of Debtor's interest. Amended schedule D lists two mortgages on the Property which have balances totaling $146,520.00. Debtor claims no exemption for the Property. Movant filed the instant Motion seeking relief from the automatic stay on September 1, 2017. In her Motion, Movant contends that she is entitled to stay relief because her lien remains enforceable notwithstanding the possible grant of a bankruptcy discharge.

Debtor opposes the Motion and relies primarily on the New Jersey Appellate Division decision in *Lever v. Thomas*, 340 N.J. Super. 198, 744 A.2d 511 (App. Div. 2001) in support of Debtor's contention that the Judgment is no longer valid and, thus should not serve as a basis for stay relief. Debtor posits that the judgment lien is vulnerable to attack because it is subject to avoidance under either federal bankruptcy or state law. As discussed below, the Court disagrees and determines that Movant's Judgment is not avoidable under either New Jersey law or any provision of the Bankruptcy Code. Accordingly, Movant is entitled to the relief requested.

**IV. LEGAL ANALYSIS**

Under § 362(d)(1) of the Bankruptcy Code, a court may grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362. For purposes of the instant Motion, the Court accepts the contention that if there are no grounds on which Movant's lien may be avoided, the requirement of cause for purposes of § 362(d)(1) has been satisfied. As a consequence, relief from the automatic stay is appropriate if the judgment lien cannot be avoided either under state law pursuant to N.J. STAT. ANN. § 2A:16-49.1, or under bankruptcy law pursuant to either 11 U.S.C. §§ 544 or 522(f). Accordingly, an analysis under these applicable statutory provisions is appropriate.

### A. Applicable New Jersey Law

First, the Court considers whether the judgment lien is voidable under state law, N.J. STAT. ANN. § 2A:16-49.1 which provides, in pertinent part:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him . . . for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record  . . . Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced . . . .

N.J. STAT. ANN. § 2A:16-49.1.

A state court may issue an order cancelling a judgment after one year from a debtor's discharge when the debt underlying the lien has been discharged and the lien has not been levied upon. *See e.g., Party Parrot, Inc. v. Birthdays and Holidays, Inc.*, 289 N.J. Super, 167 (App. Div. 1996) (holding that debtors must wait one year before using the state statute to avoid a lien to give the judgment creditor time to enforce it).  The New Jersey statute provides an exception which allows a lien to be enforced even when an order cancelling the judgment could otherwise be issued.  This exception arises when two conditions are met: (i) the judgment lien on the debtor's property existed at the time he filed for bankruptcy; and (ii) the lien is not subject to a discharge or release under the Bankruptcy Code.[3]  N.J. STAT. ANN. § 2A:16-49.1.

In this case, it is undisputed that Movant already had levied upon the Property at the time of Debtor's bankruptcy filing.  A writ of execution was sent to the Monmouth County Sheriff on June 17, 2016, and pursuant to that order, the Sheriff levied upon the Property on October 26, 2016.  Debtor filed for bankruptcy on April 26, 2017, exactly six months later.  Thus, the Movant

---

[3] Unfortunately, the nomenclature employed in this state statute is dated and confusing.  This statutory provision, enacted on July 10, 1967, predates the Bankruptcy Code which does not refer to "discharging" or "releasing" liens (as opposed to "avoiding" liens).  The provision references the Bankruptcy Act of 1898 (the "Nelson Act") which in Section 67 provided for the "discharge and release" of debtor's property from judgment liens in certain circumstances.  For purposes of this opinion and analysis, the Court reviews the pertinent Bankruptcy Code provisions which address "avoidance" of judgment liens.

levied before the time period for cancellation even began to toll. It is clear that Movant's Judgment was "a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt. . . ." N.J. STAT. ANN. § 2A:16-49.1. Pursuant to the *Rooker-Feldman* Doctrine—which denies lower federal courts jurisdiction over cases that would act practically as an appeal of a state court decision—this Court must honor the New Jersey Superior Court's prior determination that Movant levied properly on Debtor's real estate after initially exhausting efforts to pursue all personal property. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983). By issuing an order directing a sheriff's sale on June 10, 2016, the New Jersey Superior Court acknowledged the validity of Movant's lien almost a year before Debtor's bankruptcy filing. Accordingly, the judgment lien here is not subject to cancellation under state law. As a result, absent the ability to avoid Movant's judgment lien under the Bankruptcy Code, there are no remaining avenues of attack available to Debtor and relief should be awarded to Movant to pursue an execution sale of the Property.

### B. Federal Bankruptcy Law

There are two applicable sections of the Bankruptcy Code which address the possible avoidance of a judgment lien: 11 U.S.C. § 522(f) and § 544(a)(2).[4] First, § 544(a)(2) is one of the provisions which bankruptcy trustees often employ as part of their strong arm powers.[5] Pertinently, § 544(a)(2) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

11 U.S.C. § 544(a)(2).

---

[4] As neither of the parties have raised the possibility that the entry of the Judgment or the creation of the judgment lien constitutes an avoidable, fraudulent, or preferential transfer under 11 U.S.C. § 547 or 11 U.S.C. § 548, the Court focuses solely on the avoidance powers found under § 522(f) and § 544(a)(2).

[5] While lien avoidance under § 544(a)(2) is normally utilized by chapter 7 bankruptcy trustees, a debtor's ability to employ this provision arises as a result of 11 U.S.C. § 522(h) which authorizes a debtor to avoid transfers under § 544 if the property to be recovered could have been exempted and the trustee does not attempt to avoid such transfer.

5

Section 544(a)(2) hinges on the time at which the lien sought to be avoided is perfected by the creditor. Given that under this section the trustee (or debtor, if appropriate) is accorded the status of a judgment creditor with an unsatisfied execution as of the bankruptcy filing date, the trustee (or debtor) takes priority over all nonlevying judgment creditors. N.J. STAT. ANN. § 2A:17-39; *see also In re Steck*, 298 B.R. 244, 246–47 (Bankr. D.N.J. 2003) (citation omitted). Here, however, Movant had obtained a writ of execution on June 15, 2016, and the Monmouth County Sheriff thereafter levied on the Property on October 26, 2016—six months before Debtor filed his bankruptcy. Movant perfected her judgment lien before a trustee (or, in this case the Debtor) became eligible to exercise a strong arm power under § 544(a)(2), thus precluding lien avoidance under this section.

The timing of events is significant and distinguishes this case from the facts in *Lever*, cited by Debtor in his opposition. In *Lever*, the creditor did not levy upon the property until *after* the debtor had filed for bankruptcy. The court acknowledged the significance of the timing of perfection throughout its decision and noted that timing was crucial in reaching its conclusion:

> Particularly, we note that no levy had been perfected prior to bankruptcy and defendant's equity in the marital property was apparently less than his exemption. Thus, by the terms of the statute, when the Judgment of record was canceled and discharged the lien could no longer attach to the property.

*Lever*, 340 N.J. Super. at 203-204.

The *Lever* court reasoned that because the lien had not yet been levied upon at the time of the bankruptcy, it was voidable under the Bankruptcy Code and therefore the judgment could be cancelled under New Jersey statute, § 2A:16-49.1. The prebankruptcy levy on the Property in the present matter, however, requires the opposite conclusion.

The Court now turns its attention to 11 U.S.C. § 522(f). This section states, in relevant part, that a "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—a judicial lien. . ." As explained by the Supreme Court,

> [Section 522(f)(1)] cannot be concerned with liens that fixed on an interest before the debtor acquired that interest. Neither party contends otherwise.

> Section 522(f)(1) does not state that any fixing of a lien may be avoided; instead, it permits avoidance of the "fixing of a lien on an interest of the debtor." If the fixing took place before the debtor acquired that interest, the "fixing" by definition was not on the debtor's interest. Nor could the statute apply given its purpose of preventing a creditor from beating the debtor to the courthouse, since the debtor at no point possessed the interest without the judicial lien. There would be no fixing to avoid since the lien was already there. To permit lien avoidance in these circumstances, in fact, would be to allow judicial lienholders to be defrauded through the conveyance of an encumbered interest to a prospective debtor.

*Farrey v. Sanderfoot*, 500 U.S. 291, 298, 111 S. Ct. 1825, 1830, 114 L. Ed. 2d 337 (1991) (citations omitted).

The holding in *Farrey* framed the basis of the discussion in *In re Jackaman*, No. 99-19029DWS, 2000 WL 192973 (Bankr. E.D. Pa. Feb. 15, 2000), in which the debtor sought to avoid a judgment which had been entered when the debtor owned the property in fee simple. Shortly before filing for bankruptcy, the debtor had conveyed the property to himself and his wife, as tenants by the entireties. The court held that the lien could not be avoided under § 522(f) because the debtor's conveyance of the property to himself and his wife extinguished his original fee simple interest and replaced it with a new interest as tenant by the entirety. Therefore when he acquired this new interest, he received that interest subject to the existing lien and did not own the property interest before the fixing of the lien. According to the court in *Jackaman*,

> [U]nder § 522(f)(1), a debtor can only avoid the fixing of a lien on the particular interest to which it fixed and he must have possessed the interest before the lien fixed. Stated another way, if a debtor no longer holds the interest to which the lien fixed, he cannot use § 522(f)(1) to avoid the lien. Here, the lien at issue fixed on Debtor's fee simple interest—not his tenant by the entireties interest. It is his tenant by the entireties interest (his current interest) in which he would be entitled to seek an exemption in the absence of the lien.

*In re Jackaman*, 2000 WL 192973, at *6.

The holdings and analyses in *Farrey* and *Jackaman* dictate the result in this case. When Debtor transferred the Property to his wife and children prior to the bankruptcy, his original fee simple interest in the Property—to which Movant's lien had attached—was extinguished. *See In re Jackaman*, 2000 WL 192973, at *7 ("Debtor's original fee simple interest was not augmented.

7

Rather, it was completely extinguished and replaced by the tenant by the entireties interests . . .") Pursuant to the transfer, Debtor received a new interest in the Property, in the form of a statutory life estate,[6] subject to Movant's lien. As stated above, a judgment lien may only be avoided under § 522(f)(2) where the lien attaches subsequent to a debtor acquiring the interest held at the time of the bankruptcy filing. Debtor cannot avoid his lien under § 522(f) because he did not possess the life estate interest before the fixing of Movant's judgment lien.

Inasmuch as the Movant's lien is not subject to avoidance under either of the applicable Bankruptcy Code provisions, the second condition under the exception contained in N.J. STAT. ANN. § 2A:16-49.1 has been satisfied. Therefore, the judgment lien is unavoidable under the Bankruptcy Code and cannot be cancelled under the referenced New Jersey statute.

## V. CONCLUSION

For the foregoing reasons, the Court finds that there is no provision—state or federal—under which Movant's lien may be avoided. Accordingly, Movant's motion for relief from the automatic stay to allow the execution sale is GRANTED. Movant's counsel is directed to submit a form of order consistent with this ruling.

---

[6] *See* N.J. STAT. ANN. 3B:28-3.